UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Craig Porubsky,

    Plaintiff,

v.                                              Case No. 10-13591

Macomb Community College, *et al.*,        Honorable Sean F. Cox

    Defendants.

_____/

## ORDER OVERRULING DEFENDANTS' OBJECTIONS TO JUNE 28, 2011 OPINION AND ORDER OF MAGISTRATE JUDGE KOMIVES

On April 29, 2011, Plaintiff filed a motion seeking to compel discovery from Defendants. (Docket Entry No. 14). Pursuant to 28 U.S.C. § 636(b)(1)(A), the motion was referred to the magistrate judge assigned to this case for hearing and determination. Following full briefing by the parties and oral argument, Magistrate Judge Paul J. Komives issued a 19-page "Opinion & Order Granting Plaintiff's Motion to Compel" on June 28, 2011.[1] The matter is currently before the Court on Defendants' objections to that Opinion & Order.

Where, as here, a magistrate judge hears and determines a non-dispositive motion, the district judge to whom the case is assigned may reconsider the order addressing that motion "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* FED. R. CIV. P. 72.

---

[1] The background of this action is set forth in detail in the June 28, 2011 Opinion & Order and need not be restated here.

As explained below, having reviewed all the relevant materials, the Court finds Defendants' objections to be without merit.

1.First Objection:

Defendants first assert that Magistrate Judge Komives erred because "Plaintiff's request for communications banning other students from campus are neither relevant nor reasonably calculated to lead to discovery of relevant or admissible evidence and create an undue burden on Defendant." (Defs.' Objs. at 6). The Court disagrees.

This Court finds that, for the reasons articulated by Magistrate Judge Komives in his Opinion & Order, the information is relevant to Plaintiff's claims in this action.

In support of their argument that the request is unduly burdensome, Defendants ask the Court to consider an affidavit from Susan R. Boyd, the Dean of Student Success at Macomb Community College. (*See* Defs.' Objs. at 8; Ex. 3 to same). Notably, however, Defendants did *not* include any affidavit when opposing Plaintiff's Motion to Compel. (*See* Docket Entry No. 16 and its Exhibits 1-5). That is, Defendants did not present any affidavits, from Ms. Boyd or anyone else, to Magistrate Judge Komives to support their unduly burdensome argument.[2] Thus, Magistrate Judge Komives did not err in concluding that Defendants failed to make a sufficient showing of undue burden. (*See* 6/28/11 Opinion & Order at 6-7).

2.Second Objection:

Next, Defendants object to the magistrate judge's ruling regarding Plaintiff's request for e-mails exchanged between Defendants Ness and Warnock during a discrete time period, and

---

[2]Defendants have offered no explanation as to why an affidavit from Ms. Boyd was not presented to the magistrate judge before, during, or after the hearing on the motion to compel.

Plaintiff's request for the personnel files of these two Defendants. In objecting to the June 28, 2011 Opinion & Order, Defendants contend that the "personnel files and e-mails contain sensitive, private information which is of no relevance to this case." (Defs.' Objs ¶ 2(b)).

The Court agrees that any "written communications between the Defendants which shed light on their practices and policies may lead to the discovery of admissible evidence in support of plaintiff's disparate treatment claims." (6/28/11 Opinion & Order). In addition, the Court also finds that the personnel files may lead to the discovery of admissible evidence in support of Plaintiff's claims.

Defendants also object to the fact that Magistrate Judge Komives did not order an *in camera* inspection of the requested documents. Defendants note that various courts have recognized the sensitive nature of personnel files and have afforded various protections regarding the discovery of such materials. Defendants state that "*[o]ne means* by which courts may offer" protection is by conducting an *in camera* review of the requested documents and assert that they should only have to produce Ness and Warnock's personnel files for an *in camera* review. (Defs.' Objs. at 10) (emphasis added). While ordering an *in camera* inspection is one means of offering protection regarding the production of sensitive information, it is not the only means. Rather than order an *in camera* inspection, Magistrate Judge Komives decided to employ another protective measure – ordering that "plaintiff and plaintiff's counsel may not disclose the information to any other person besides experts retained by plaintiff in connection with this case, and may not use the information obtained for any purpose outside this litigation." (Defs.' Objs. at 18-19). Defendants have not shown that his ruling is "clearly erroneous or contrary to law."

3.       Third Objection:

Finally, Defendants assert that the "Magistrate Judge erred when he determined that the privacy interests of the non-party students whose records Plaintiff seek production of are outweighed by Plaintiff's interest in obtaining those materials" and that he erred because "the privacy interests of the non-party students whose records Plaintiff seeks production of outweighs Plaintiff's interest in obtaining the records." (Defs.' Objs. at ¶ 3).

The Court has reviewed Magistrate Judge Komives's Opinion – which provides a careful and reasoned analysis – and concludes that his ruling is not "clearly erroneous or contrary to law." To the contrary, the Court agrees that information sought by Plaintiff regarding non-party students is "highly relevant" and that against that need, "the privacy concerns of students are slight if the records are produced in accordance with an appropriate protective order allowing redaction of all personally identifying information except for sex, such as name, student or social security numbers, address, and the like." (*See* 6/28/11 Opinion & Order at 17-18).

In sum, Defendants have not met their burden of establishing that the magistrate judge's rulings were clearly erroneous or contrary to law. Accordingly, IT IS ORDERED that this Court OVERRULES Defendant's Objections to the June 28, 2011 Opinion & Order and AFFIRMS the rulings contained in it.

IT IS SO ORDERED.

S/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated: September 29, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 29, 2011, by electronic and/or ordinary mail.

                                              S/Jennifer Hernandez
                                              Case Manager